UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6671 FMO (JCx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | Charlene Aldana v. ADP, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having received and reviewed all the briefing filed with respect to ADP, Inc.'s ("defendant") Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), the court concludes that oral argument is not necessary and orders as follows.  See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

On August 12, 2013, Charlene Aldana ("plaintiff"), proceeding pro se, brought the instant action against ADP, Inc. and Does 1-50, inclusive, for employment discrimination in Los Angeles County Superior Court.  (See Notice of Removal ("NOR"), Exhibit A ("Complaint") at 12-14).[1]  On September 11, 2013, defendant removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441(b).  (See NOR at 1).  Defendant filed its first motion to dismiss pursuant to Federal Rule of Civil Procedure[2] 12(b)(6) on September 18, 2013.  (See Motion to Dismiss of September 18, 2013).  The court granted the motion and dismissed the Complaint with leave to amend.  (See Court's Order of September 30, 2013).

Plaintiff filed a First Amended Complaint ("FAC") on October 18, 2013.  Defendant again moved to dismiss per Rule 12(b)(6).  (See Motion to Dismiss of November 1, 2013).  The court again granted the motion and dismissed the FAC with leave to amend.  (See Court's Order of November 25, 2013).

Plaintiff failed to file the Second Amended Complaint ("SAC") by the court's deadline of December 12, 2013, and the court dismissed the action without prejudice.  (See Court's Order of December 17, 2013).  On December 18, 2013, plaintiff moved for reconsideration, and the court

---

[1] Citation to the Complaint refers to the page numbers in the ECF Header.

[2] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6671 FMO (JCx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | Charlene Aldana v. ADP, Inc. | | |

reopened the case, granting plaintiff until January 6, 2014, to file the SAC. (See Court's Order of December 23, 2013).

On January 3, 2014, plaintiff filed the SAC – the operative complaint – which claims defendant discriminated against her based on her disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a).[3] (See SAC at 2).

Defendant filed the instant Motion January 23, 2014. Based on the noticed hearing date of March 6, 2014, plaintiff's opposition was due February 13, 2014. See Local Rule 7-9. As of the date of this Order, plaintiff has not filed any opposition papers to the Motion.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see also Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; see also Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted). However "[s]pecific facts are not necessary; the [complaint] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010); Berg v. Popham,

---

[3] The court construes plaintiff's pleadings liberally, as she is pro se. See Eldrige v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("[F]ederal courts [must] liberally construe the inartful pleading of pro se litigants.") (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6671 FMO (JCx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | Charlene Aldana v. ADP, Inc. | | |

412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

I.   PLAINTIFF'S FEHA DISABILITY DISCRIMINATION CLAIM IS FACIALLY UNTIMELY.

Plaintiff alleges she was terminated on the basis of disability in violation of the FEHA, Cal. Gov't Code § 12940(a), on July 30, 2009. (See SAC at 2). She claims she filed an administrative charge with the U.S. Equal Employment and Opportunity Commission ("EEOC") in December 2009. (See id. at ¶ 4). Plaintiff alleges that she subsequently received a right-to-sue letter from the EEOC, (see id.), but does not specify when. (See, generally, SAC).

Defendant argues that "an EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies only for purposes of an action based on Title VII," not a claim brought under the FEHA. (See Motion at 8-9); see also Martin v. Lockheed Missiles & Space Co., 29 Cal.App.4th 1718, 1726 (1994) ("[T]he EEOC right-to-sue notice technically did not satisfy the jurisdictional requirement that [plaintiff] . . . exhaust[] her administrative remedies as to the asserted violations of the California statute."). Plaintiff does not claim or otherwise indicate that she filed her charge concurrently with the Department of Fair Employment and Housing ("DFEH") or received a DFEH right-to-sue notice. (See, generally, SAC).

"A plaintiff asserting claims of discrimination pursuant to the FEHA must exhaust the statute's administrative remedies before filing a lawsuit." Harris v. Cnty. of Orange, 682 F.3d 1126, 1135 (9th Cir. 2012) (citing Rojo v. Kliger, 52 Cal.3d 65, 83 (1990)). "[A]dministrative remedies are exhausted by the filing of an administrative complaint with the Department of Fair Employment and Housing ('DFEH') and obtaining from the DFEH a notice of right to sue." Harris, 682 F.3d at 1136. If, within 150 days of the filing of the charge, the DFEH does not bring a civil action or otherwise determine that it will not bring a civil action, it must notify the claimant that it will issue a right-to-sue notice upon request. See Cal. Gov't Code § 12965(b). If the claimant makes no such request, the DFEH must issue a right-to-sue notice no later than one year from the date of filing. See id. The aggrieved employee then has one year from the DFEH's issuance of the right to sue notice to institute a civil action. See Cal. Gov't Code §§ 12965(b) & (d); Acuna v. San Diego Gas & Electric, Co., 217 Cal.App.4th 1402, 1413 (2013) (The FEHA "establishes a strict one-year statute of limitations[.]") (internal quotation marks omitted).

Aggrieved employees may, alternatively, file an administrative charge for employment discrimination with the EEOC pursuant to its work-sharing agreement with the DFEH. See Downs v. Dep't of Water & Power, 58 Cal.App.4th 1093, 1097 (1997); Laquaglia v. Rio Hotel & Casino,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-6671 FMO (JCx)** | Date | **July 8, 2014** |
|---|---|---|---|
| Title | **Charlene Aldana v. ADP, Inc.** | | |

186 F.3d 1172, 1175-76 (9th Cir. 1999) (administrative charge filed with state agency is constructively filed with and automatically forwarded to the EEOC); Reed v. UBS Securities, LLC, 2010 WL 3119200, *2-3 (N.D. Cal. 2010) (finding that "the filing of plaintiff's charge with the EEOC is deemed filed with DFEH"). When "a charge of discrimination or harassment is timely filed concurrently with the [EEOC] and the [DFEH]," the DFEH defers its investigation to the EEOC, and the DFEH issues a right-to-sue notice upon deferral, then the FEHA one-year statute of limitations is tolled during the pendency of the EEOC's investigation. See Cal. Gov't Code § 12965(d)(1); Downs, 58 Cal.App.4th at 1102. In such cases, "[t]he time for commencing an action . . . expires when the federal right-to-sue period . . . expires, or one year from the date of the right-to-sue notice by the [DFEH], whichever is later." See Cal. Gov't Code § 12965(d)(2).

When a charge is filed with the EEOC, the agency must, "so far as practicable," investigate and render a determination within 120 days of the claimant's filing. See 42 U.S.C. § 2000e-5(b). If the EEOC dismisses the charge or fails to commence a civil action within 180 days of its filing, it "shall so notify the person aggrieved" by issuing a Notice of Rights ("right-to-sue letter"). See 42 U.S.C. § 2000e-5(f)(1). The aggrieved party then has 90 days to file a civil action. See id.; Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir.), cert. denied, 522 U.S. 858 (1997).

Here, plaintiff filed the instant action on August 12, 2013. Even assuming that plaintiff's charge was filed concurrently with the EEOC and the DFEH – and thus the FEHA statute of limitations was tolled during the pendency of the EEOC'S investigation – it is beyond dispute that the instant action is untimely. Pursuant to the FEHA's provision for tolling the statute of limitations during the EEOC's investigation, plaintiff's right to bring the instant action expired the later of: (1) the federal 90-day limitations period; or (2) one-year from the right-to-sue notice the DFEH issued. See Cal. Gov't Code § 12965(d)(1).

Here, both dates expired long before plaintiff filed the instant action. For example, affording plaintiff the benefit of every doubt, the court will assume that plaintiff filed her charge on the last day in December 2009, (see SAC at ¶ 4), i.e., December 31, 2009. Although the DFEH would have promptly deferred its investigation to the EEOC and issued a right-to-sue notice, see, e.g., Salgado v. Atlantic Richfield, 823 F.2d 1322, 1323 (9th Cir. 1987) (DFEH deferral to EEOC and right-to-sue letter eleven days after charge filed); Martin, 29 Cal.App.4th at 1724-25 (referral from DFEH to EEOC occurred within one month), the court will assume that the DFEH did not defer its investigation to the EEOC and issue plaintiff a right-to-sue letter until the statutory maximum of one year after plaintiff filed her charge, see Cal. Gov't Code § 12965(b), i.e., December 31, 2010. Thus, plaintiff's right-to-sue letter from the DFEH would have afforded her, at the latest, until December 31, 2011, to bring the instant action.

The EEOC, for its part, was required to notify plaintiff of its dismissal of her charge or its failure to institute a civil action against defendant within 180 days. See 42 U.S.C. § 2000e-5(f)(1). If the DFEH deferred its investigation to the EEOC on December 31, 2010, the EEOC had until June 29, 2011, to issue a right-to-sue notice. Plaintiff would have received the EEOC right-to-sue notice at her address of record three days later, i.e., July 2, 2011. See Payan v. Aramark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6671 FMO (JCx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | Charlene Aldana v. ADP, Inc. | | |

Management Services Ltd. Partnership, 495 F.3d 1119, 1123-26 (9th Cir. 2007) (rebuttable presumption exists that EEOC mails the right-to-sue notice the same day it issues it, and that claimant receives it at his address of record three days later).[4] Under this hypothetical time line, the EEOC right-to-sue letter afforded plaintiff until September 30, 2011, to file the instant action.

Even with tolling during the pendency of the EEOC investigation and assuming the longest permissible time frames for investigation, plaintiff's right to sue expired the later of "the federal right-to-sue period," i.e., September 30, 2011; or "one year from the date of the right-to-sue notice" by the DFEH, i.e., December 31, 2011. See Cal. Gov't Code § 12965(d)(1). Here, plaintiff did not file the Complaint until August 12, 2013, and, thus, the instant action is untimely.

II.  EQUITABLE TOLLING IS NOT WARRANTED.

Failure to comply with the applicable limitations periods will not bar the lawsuit if the record shows that the doctrine of equitable tolling applies. See Rodriguez v. Airborne Express, 265 F.3d 890, 900 (9th Cir. 2001) ("The administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel and tolling."); see also McDonald v. Antelope Valley Community College District, 45 Cal.4th 88, 106 (2008) ("FEHA claims may be equitably tolled[.]").

California courts[5] equitably toll the statute of limitations for a plaintiff who "possess[es] several legal remedies . . . [and] reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." Addison v. California, 21 Cal.3d 313, 317 (1978). "The fundamental purpose underlying statutes of limitations is to protect defendants from having to defend stale claims by providing notice in time to prepare a fair defense on the merits. [] A second policy underlying the statutes is to require plaintiffs to diligently pursue their claims." Downs, 58 Cal.App.4th at 1099-1100 (internal citation omitted). The doctrine of equitable tolling applies only "in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003).

"The burden of alleging facts which would give rise to tolling falls upon the plaintiff." Hilton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993), cert. denied 511 U.S.1083 (1994). Here, plaintiff did not file any opposition to the Motion, which has now been pending unopposed for

---

[4] The court notes that the three-day presumption under Payan is based in part on Federal Rule of Civil Procedure 6(e), which was amended in 2009. For the purposes of this inquiry, the difference in dates based on Rule 6(e) is immaterial.

[5] When applying the state law statute of limitation, the court borrows the rules for equitable tolling from the forum state. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993), citing Hardin v. Straub, 490 U.S. 536, 539-40, 109 S.Ct. 1998, 2001 (1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6671 FMO (JCx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | Charlene Aldana v. ADP, Inc. | | |

more than five months.  Thus, the court has no basis from which to determine whether equitable tolling applies.

III.   PLAINTIFF'S CLAIMS ARE DISMISSED WITHOUT LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality.").  However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).  This decision is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Having liberally construed and assumed the truth of the allegations in the SAC, the court is persuaded that plaintiff's SAC cannot be saved through amendment.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Under the circumstances, it would be futile to afford plaintiff a fourth opportunity to state a claim.  See Cafasso, United States ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended the complaint.") (internal quotation marks omitted); Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003), cert. denied, 541 U.S. 1043 (2004), overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir.) (en banc).

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Second Amended Complaint **(Document No. 19)** is **dismissed with prejudice**.  Judgment shall be entered accordingly.

| | Initials of Preparer | vdr |
|---|---|---|